UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
Southern Division

| | |
|---|---|
| MICHAEL EVANS HOLDINGS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KATHY MANAGEMENT, LLC ) <br> and ) <br> KATHY JEFFRIES, ) <br> ) <br> Defendants. ) | Case No. _____ <br><br><br> Jury Trial Demanded |

# C O M P L A I N T

## Nature of the Action

This is an action under the Lanham Act, 15 U.S.C. §1051 et seq., for service mark infringement and unfair competition.

## Parties

1. Plaintiff Michael Evans Holdings, LLC ("Evans") is a Missouri limited liability company having its principal place of business in Carthage, Jasper County, Missouri.

2. Defendant Kathy Management, LLC ("Kathy Management") is a Missouri limited liability company doing business as "Whisler's" at 208 W. McDaniel, Springfield, Greene County, Missouri 65806.

3. Defendant Kathy Jeffries ("Jeffries") is an individual doing business as "Whisler's of Springfield" at 208 W. McDaniel, Springfield, Greene County, Missouri 65806.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction of the Lanham Act claims raised herein pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a); and this Court has subject matter jurisdiction over the related state law claims raised in this action pursuant to 28 U.S.C. §§ 1367 and 1338(b).

5. This Court has personal jurisdiction over the defendants because they are located in, and conduct their regular business in this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**Background Allegations**

7. Whisler's is a fast-food restaurant business started in 1953 by Charlie Whisler at 300 N. Garrison, Carthage, Missouri. Mr. Whisler is now deceased.

8. David T. Honaker ("Honaker") was a successor-in-interest to the Whisler's fast-food restaurant at 300 N. Garrison, Carthage, Missouri.

9. On May 25, 2010, U.S. Federal Registration No. 3,792,580 for the service mark "Whisler's" for fast-food restaurants in international class 43 was registered in the United States Patent and Trademark Office to Honaker based on a date of first use on or before 12/31/1953. The Certificate of Registration for the Whisler's mark is Exhibit A attached hereto.

2

10. Honaker used the Whisler's mark on his fast-food restaurant named Whisler's at 300 N. Garrison, Carthage, Missouri.

11. Honaker sold his Whisler's fast-food restaurant located at 300 N. Garrison, Carthage, Missouri, to Drew Evans Investments, LLC on 01/01/2010.

12. Honaker assigned the registration for Whisler's to plaintiff Evans on 02/05/2015.

13. Drew Evans Investments, LLC ("Drew") is a licensee of the Whisler's mark owned by licensor Evans and Drew continues to use the Whisler's mark on the fast-food restaurant located at 300 N. Garrison, Carthage, Missouri, under the license.

14. The mark Whisler's is used in connection with licensee's fast-food services, and has been continuously used since at least 1953. As a result of this lengthy term of doing business as Whisler's, and the quality of services, the Whisler's mark has become well and favorably known in the Western District of Missouri and other areas, has become uniquely associated with and hence identifies the licensee, and has become a valuable asset of Evans and a symbol of its goodwill.

15. The defendants' use of the marks "Whisler's" and "Whisler's of Springfield" in connection with fast-food restaurant services is likely to cause consumer confusion, mistake and deception.

16. The defendants' use of the marks "Whisler's" and "Whisler's of Springfield" in connection with fast-food restaurant services dilutes the value of the Whisler's mark owned by Evans.

17. The similarity between Evan's Whisler's mark and defendant Kathy Management's use of "Whisler's" is likely to lead consumers to mistakenly conclude that the services offered under the Kathy Management mark are licensed or certified by, or otherwise sponsored or approved by Evans, or that defendant Kathy Management and its services offered under the "Whisler's" mark are somehow otherwise affiliated, connected, or associated with Evans. Consumers are likely to be misled as to the true source, sponsorship, or affiliation of the "Whisler's" mark used by Kathy Management.

18. The similarity between Evan's Whisler's mark and defendant Jeffries' use of "Whisler's of Springfield" is likely to lead consumers to mistakenly conclude that the services offered under the Jeffries' mark are licensed or certified by, or otherwise sponsored or approved by Evans, or that defendant Jeffries and her services offered under the "Whisler's of Springfield" mark are somehow otherwise affiliated, connected, or associated with Evans. Consumers are likely to be misled as to the true source, sponsorship, or affiliation of the "Whisler's of Springfield" mark used by Jeffries.

19. Through its use of the "Whisler's" mark, defendant Kathy Management has intentionally and with knowledge sought to cause consumer confusion, mistake, and deception.

20. Through its use of the "Whisler's of Springfield" mark, defendant Jeffries has intentionally and with knowledge sought to cause consumer confusion, mistake, and deception.

4

21. The ongoing promotion and dissemination of the "Whisler's" mark by the defendant Kathy Management is likely to lessen the capacity of the Whisler's mark to identify and distinguish services offered by Evans through its licensees.

22. The ongoing promotion and dissemination of the "Whisler's of Springfield" mark by the defendant Jeffries is likely to lessen the capacity of the Whisler's mark to identify and distinguish services offered by Evans through its licensees.

### Count I - Infringement under the Lanham Act

Plaintiff Evans for Count I herein against defendants, states:

1. Plaintiff Evans realleges and incorporates herein by reference paragraphs 1 through 22 set forth above.

2. Use of the "Whisler's" and "Whisler's of Springfield" marks by defendants to promote, market or sell services in direct competition with Evans' licensee constitutes service mark infringement pursuant to 15 U.S.C. §1114.

3. Defendants' infringement of the Whisler's registered mark is intentional and willful.

4. Defendant's infringement of the Whisler's registered mark has caused and will continue to cause damage to Evans, including irreparable harm for which there is no adequate remedy at law.

### Count II – Unfair Competition under the Lanham Act

Plaintiff Evans for Count II herein against defendants, states:

1. Plaintiff Evans realleges and incorporates herein by reference paragraphs 1 through 22 set forth above.

2. Use of the "Whisler's" and "Whisler's of Springfield" marks by defendants to promote, market or sell services in direct competition with Evans' licensee constitutes unfair competition pursuant to 15 U.S.C. §1125(a).

3. Defendants' unfair competition is intentional and willful.

4. Defendants' unfair competition has caused and will continue to cause damage to Evans, including irreparable harm for which there is no adequate remedy at law.

### Count III – Unfair Competition under Missouri Common Law

Plaintiff Evans for Count III herein against defendants, states:

1. Plaintiff Evans realleges and incorporates herein by reference paragraphs 1 through 22 set forth above.

2. Use of the "Whisler's" and "Whisler's of Springfield" marks by defendants to promote, market or sell services in direct competition with Evans' licensee constitutes unfair competition pursuant to Missouri common law.

3. Defendants' unfair competition is intentional and willful.

4. Defendants' unfair competition has caused and will continue to cause damage to Evans, including irreparable harm for which there is no adequate remedy at law.

### Count IV – Violation of Missouri Anti-Dilution Statute

Plaintiff Evans for Count IV herein against defendants, states:

1. Plaintiff Evans realleges and incorporates herein by reference paragraphs 1 through 22 set forth above.

6

Case 6:15-cv-03171-MDH   Document 1   Filed 04/21/15   Page 6 of 9

2. Use of the "Whisler's" and "Whisler's of Springfield" marks by defendants to promote, market or sell services in direct competition with Evans' licensee dilutes the value of the Whisler's mark owned by Evans because the use of these marks by defendants conjures associations that clash with the associations generated by the owner's lawful use of the Whisler's mark.

3. Use of the "Whisler's" and "Whisler's of Springfield" marks by defendants to promote, market or sell services in direct competition with Evans' licensee is a violation of the Missouri Anti-Dilution statute, Mo.Rev.Stat. §417.061.

4. Defendants' dilution is intentional and willful.

5. Defendants' dilution has caused and will continue to cause damage to Evans, including irreparable harm for which there is no adequate remedy at law.

**Relief Requested**

Plaintiff Evans asks that the Court declare and adjudge:

A. That plaintiff Evans' rights in and to the Whisler's service mark are valid, enforceable and have been infringed by defendants, and that defendants' actions constitute unfair competition and dilution of the Whisler's service mark owned by Evans.

B. That defendants have willfully infringed plaintiffs Evans' rights by using the "Whisler's" and "Whisler's of Springfield" designations for a fast food restaurant.

C. That defendants, their agents, servants, employees, officers, attorneys, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained:

(1) From using "Whisler's", "Whisler's of Springfield", or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of any fast food or in connection with fast food restaurant services;

(2) From infringing the Whisler's service mark owned by Evans; and

(3) From further diluting the value of the Whisler's service mark owned by Evans.

D. An award of damages for plaintiff Evans against defendants, jointly and severally, including (but not limited to) defendants' profits and plaintiff's actual damages;

E. An award of treble damages for plaintiff Evans against defendants, jointly and severally, as provided by Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a);

F. An award of attorney's fees and costs for plaintiff Evans against defendants, jointly and severally, as provided by Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a);

G. That defendants be directed to file with this Court and serve on plaintiff Evans within 30 days after the service of any restraining order or injunction, a written report, under oath, setting forth in detail the manner and form in which defendants have complied with the order or injunction.

H. Any other relief that the Court deems appropriate.

**Jury Demand**

Plaintiff Evans hereby demands a trial by jury of all issues in this case.

        MILLINGTON, GLASS & LOVE

        By: /s/ Harold F. Glass
            Harold F. Glass, MBN 19424
            1901 South Ventura, Suite A
            Springfield, MO 65804
            Telephone: (417) 883-6566
            Facsimile: (417) 883-6689
            tglass@springfieldlaw.net
            ATTORNEYS FOR PLAINTIFF